# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**LESLIE TODD RAY**  PETITIONER
Reg. #34161-045

VS.　　　　　　　　No. 2:24-CV-00098-BSM-ERE

**CHAD GARRETT, Warden,**
**FCI-Forrest City**　　　　　　　　RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record.

**I.　Introduction**

Leslie Todd Ray, a Bureau of Prisons ["BOP"] inmate housed in Forrest City, Arkansas, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks credit toward his federal sentence for time spent in state custody. For reasons that follow, the Court should deny habeas relief and dismiss the petition with prejudice.

**II.     Background**

On October 20, 2017, Mr. Ray was arrested in Taney County, Missouri and charged with drug trafficking and unlawful possession of a firearm in Case No. 1746-CR02182-01 ("Missouri Case No. 1"). *Doc. 7-3 at 1; Doc. 7-5 at 3*. On October 22, 2017, Mr. Ray was released on bond. *Id*.

On June 1, 2018, Mr. Ray was arrested in Christian County, Missouri and charged with delivery of marijuana in case number 18CT-CR01820-01 ("Missouri Case No. 2"). *Doc. 7-4*. On June 3, 2018, Mr. Ray was released on bond (*Doc. 7-4*), and on July 31, 2019, all charges in Missouri Case No. 2 were *nolle prossed*. *Docs. 7-5, 7-6*.

On July 23, 2018, Mr. Ray was arrested in Taney County, Missouri and charged with drug trafficking in case number 1846-CR01715-01 ("Missouri Case No. 3). *Docs. 7-3, 7-5*. Mr. Ray remained detained in state custody at that time. *Id*.

On March 7, 2019, Mr. Ray was sentenced in Missouri Case No. 1 to an 8-year prison term, and in Missouri Case No. 3, to a 7-year prison term. *Docs. 7-3, 7-5*. These state sentences were ordered to run concurrently, with prior custody credit for the time Mr. Ray spent in state pretrial custody. *Doc. 7-5*.

On May 9, 2019, Mr. Ray was charged in the United States District Court for the Western District of Missouri with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. *United States v. Ray*, No. 19-

03044-10-CR-S-BP, ECF No. 29 (W.D. Mo.). On December 1, 2021, Mr. Ray, then in the primary custody of Missouri, appeared via writ of habeas corpus *ad prosequendum* in the Western District of Missouri and pleaded guilty to the federal conspiracy charge. *Id*., ECF Nos. 51, 500-505.

On September 21, 2022, Mr. Ray, still in primary state custody, appeared via writ in the Western District Missouri and received a 144-month prison sentence, ordered to run concurrently with his concurrent sentences in Missouri Case Nos. 1 and 3.[1] *Doc. 7-2*. After receiving his federal sentence, Mr. Ray returned to the Missouri Department of Correction to serve out his state sentences. Mr. Ray completed his state prison time on February 15, 2023, at which time he was released on parole to BOP custody to serve his federal sentence. *Docs. 7-9, 7-10*.

On April 24, 2023, Mr. Ray began the BOP's administrative review process seeking credit for time he spent in state custody. *Doc. 2 at 13*. The Regional Director's decision denying relief stated that the BOP had already credited Mr. Ray for the time he spent in state pretrial custody.[2] *Doc. 2 at 17*.

---

[1] At sentencing, the judge stated, "I'm going to go ahead and run this case concurrent with the Taney County cases. I do think that they're relevant conduct in this case . . . ." *Doc. 2 at 40*.

[2] The Regional Director's decision stated that Mr. Ray received credit against his federal sentence for time he spent in state custody during the periods October 20-22, 2017; July 1-3, 2018; and July 20, 2018 through March 6, 2019. *Doc. 2 at 17*; *Doc. 7-7 at 3* (BOP sentence calculation showing jail credit). Mr. Ray does not dispute the credit he received for time spent in state custody before March 7, 2019, when he was sentenced in the state cases.

3

In his final appeal to the Office of General Counsel, Mr. Ray argued that his state and federal sentences were ordered to run "fully concurrent," and the BOP had "arbitrarily changed the . . . sentencing order by failing to give him credit from March 7, 2019 through September 20, 2022." *Id. at 18*. The Office of General Counsel denied relief, explaining that Mr. Ray's time in state custody from March 7, 2019 through September 20, 2022 had been applied toward his state sentence and therefore could not be applied a second time to his federal sentence. *Id. at 19-20*.

On May 23, 2024, Mr. Ray filed the § 2241 habeas petition and supporting brief now before the Court. *Docs. 1, 2*. He argues that because his federal sentence was ordered to run concurrently with his state sentences, he is entitled to credit for the time he spent serving his state sentence from March 7, 2019 through September 20, 2022, or "at the very least[,] . . . for the time [he] served in federal detention awaiting his federal sentence." *Doc. 5 at 57*.

On July 8, 2024, Respondent filed a response, asserting that Mr. Ray is not entitled to the custody credit claimed. *Doc. 7*. Respondent argues that Mr. Ray's federal sentence cannot begin earlier than the date imposed and runs concurrently with his state sentences only so far as the undischarged portion of the state sentences as of September 21, 2022, Mr. Ray's federal sentence date. *Id. at 5-6*. In addition, Respondent argues that Mr. Ray is not entitled to credit toward his federal sentence

4

for time he spent in secondary federal custody pursuant to a writ of habeas corpus *ad prosequendum*. *Id.* at 6.

On August 22, 2024, Mr. Ray filed a reply, addressing Respondent's arguments for dismissal. *Doc. 11*.

### III.   Discussion

####   A.   Mr. Ray Is Not Entitled to Credit On His Federal Sentence for the Period March 7, 2019 to September 20, 2022

Mr. Ray argues that faithful execution of the order that his federal sentence run concurrently with his state sentences requires that the BOP credit him for the time he spent serving his state sentences from March 7, 2019 through September 20, 2022. Mr. Ray is mistaken.

The statutory bar against double credit under 18 U.S.C. § 3585(b) precludes the requested relief. A defendant receives credit toward a federal sentence for time spent in custody "prior to the date the sentence commences . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added); see also *U.S. v. Wilson*, 503 U.S. 329, 333 (1992) (explaining that credit for time spent in official detention prior to the commencement of a federal sentence must be computed by the BOP after the defendant begins his federal sentence and cannot include time already credited to another sentence). Here, Mr. Ray seeks credit toward his federal sentence for time he spent in state prison before his federal sentenced

commenced. But Mr. Ray had already received credit for that time against state sentence.

Mr. Ray insists that the federal sentencing court intended that his federal and state sentences run "fully concurrent." *Doc. 2 at 2*. However, when a federal sentencing court orders that a sentence run concurrently with a previously imposed sentence, "it does not mean that the two sentences 'have the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (cleaned up) (quoting *United States v. Flores,* 616 F.2d 840, 841 (5th Cir.1980)). Because a federal sentence cannot commence before it is pronounced, "it can only run concurrently with that part of the prior sentence remaining to be served." *United States v. McLean*, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. 1989).

Mr. Ray's federal sentence began on September 21, 2022, and it could run concurrently with his previously imposed state sentences only to the extent that unserved time remained on the latter. Normally, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody . . . at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. In Mr. Ray's case, however, the BOP calculated his sentence to begin running September 21, 2022, while he was still serving his state sentence in the Missouri

Department of Correction. *Doc. 7-7 at 3* (BOP sentence computation beginning 09-21-2022).

To the extent that Mr. Ray's federal and state sentences overlapped, the BOP gave effect to the order that his federal sentence run concurrently with his state sentences. Mr. Ray is not entitled to additional credit toward his federal sentence.

**B.     Mr. Ray Is Not Entitled to Credit on His Federal Sentence for the Time He Spent on a Federal Writ**

Under the doctrine of primary jurisdiction, a prisoner serving a term in state custody begins his federal sentence when the United States assumes primary jurisdiction over the prisoner. *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). The first sovereign to establish physical custody has primary jurisdiction over a prisoner until relinquished by, for example, release on bail, dismissal of charges, parole, or the expiration of a sentence. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

When a state prisoner is transferred to the temporary custody of the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum*, the state's primary jurisdiction over the prisoner continues and remains uninterrupted. *Elwell*, 716 F.3d at 482; see also *United States v. Hayes,* 535 F.3d 907, 910 (8th Cir. 2008) (holding that federal sentence did not commence during the period that defendant was "on loan" from the State of Missouri pursuant to a writ of habeas

7

corpus *ad prosequendum* for the purposes of his federal prosecution and sentencing.).

Missouri was the first sovereign to obtain physical custody over Mr. Ray. The United States then borrowed physical custody of Mr. Ray *solely* for the purpose of conducting pretrial proceedings in the federal criminal case. *Docs. 7-8, 7-9*. Soon after receiving his federal sentence, Mr. Ray returned to the physical custody of his primary custodian, Missouri, which retained primary jurisdiction until February 15, 2023, when it released Mr. Ray on parole and relinquished his custody to the United States. *Doc. 7-10*.

Mr. Ray is not entitled to additional credit on his federal sentence because of time he spent in the physical custody of the United States pursuant to a federal writ.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that the petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, WITH PREJUDICE and the requested relief be DENIED.

Dated 28 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE